United States v. Miller No. 25-5122. May it please the court and my honorable opponent, I'm Blaine Myrie, counsel for defendant appellant Miller. Mr. Miller appeals the denial of his motion to withdraw his guilty plea and also challenged his sentence as both procedurally and substantively unreasonable. I'd like to address first the motion to withdraw the guilty plea and then the substantive unreasonableness of the sentence. This court has said that when it comes to motions to withdraw a guilty plea, that where a defendant moves to withdraw before sentencing, such motions are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude. And it's our contention that the trial court did not do that here. The trial court applied the seven-factor Gordon test and applied the three factors, assertion of innocence, knowing involuntary plea, and effective assistance of counsel. And based on that concluded, it didn't need to reach the other four factors that it would not allow Mr. Miller to withdraw his guilty plea. Counsel, help me with something I'm really struggling with in this case. How can we rule in your favor, notwithstanding what I agree with is the liberal standard for motions to withdraw at the procedural stage your client invoked his wish to withdraw his plea, when the district court did not find him credible? Well, your honor, a couple comments on that. First of all, with regard to the assertion of innocence factor, I think he, the district court applied the wrong legal standard. And all it takes is an assertion of innocence. The court didn't find that Mr. Miller did not say these things to his lawyers. He said he did not find the legal claim credible, and he questioned his credit. He said he has not shown a credible claim of legal innocence. So is there some distinction we need to be, that you're drawing between factual innocence and legal innocence? And I mean, at the end of the day, the district court did not think his assertion of innocence was credible. And don't we need to defer to the district court's credibility? Well, it's an standard for that factor. And part of the abuse of discretion the trial court had was misapplying the law that governs what an assertion of, what the assertion of innocence factor requires. And we rely on the card decision. If you look at the card decision, which predates the decisions that the government relies on, there you had a case where the district court, and this is from the opinion, although highly skeptical of appellant's assertion of innocence, held that this factor only requires that Mr. Carr assert his innocence, which he has done. This court said, we agree with the district court's conclusion. So this court agreed with the district court's conclusion that the factor only requires the defendant to assert his innocence. It doesn't require a legal claim of innocence. It requires the assertion of innocence. So in your view, the assertion of innocence or that factor is satisfied simply if the defendant asserts his innocence, notwithstanding, we just have to overlook the fact that the district court did not find that assertion credible. Correct. And your authority for that is Carr. Carr is our authority. And Carr, we believe there's a conflict between Carr and the later decisions, Hamilton, Marcellino, Byram, where the law has transformed to, in other words, the defendant must make a factual argument that supports a legally cognizable defense. Well, it's our contention that even under that standard, Mr. Miller has satisfied the assertion of innocence factor. In the motion to withdraw the plea, and in his testimony at the hearing on the motion to withdraw, he said, I told my lawyer at the change of plea hearing, before the plea was taken, I didn't do this. He reiterated that in his testimony that he reiterated that during the PSR review and before he received the PSR when it was ready for the scheduled PSR meeting. Counsel moved to withdraw after the PSR review and new counsel was appointed and brought these factors out. On the assertion of innocence factor, I think there may be some confusion in the case law, and I'm not sure where it got created, between what a defendant has to do to assert his innocence and satisfy the first factor versus what he has to do to win on the motion, which is to show a fair and just reason. Simply because a defendant asserts his innocence doesn't mean that he gets to withdraw his guilty pleas, but it satisfies the first factor. But Marcellino says that the defendant's assertion of innocence has to be credible. So are you saying that those cases are somehow inconsistent with Carr, such that Carr came first and we should follow Carr and not our subsequent decisions? I mean, I don't know how you get, that's what you're saying. And that's, I think that's exactly what I said in my reply brief. Marcellino and Byram were the two cases that said was inconsistent. And yet I think there is some tension in how this gets applied because I think the law has made it more restrictive on defendants and which has sort of taken away the liberality of Carr. Carr hasn't been overruled. It hasn't been subject to en banc adjustment and the rule hasn't changed in a way that would make it no longer good law. So we say that under Carr, the innocence prong was met. The other two prongs that the district court considered. Counselor, before you move on to the other two prongs, could I just ask you, don't we have a decision that predates Carr, the Hickok decision that suggests that not every assertion of innocence allows you to withdraw the plea. So shouldn't that control over Carr? And this is where, and Hickok does predate Carr, but Hickok I don't think is inconsistent with Carr. If you look at footnote two at Hickok, which is where it lists the unfortunately named Carr factors, which is from a different case, not from this Carr case, but from a fifth circuit decision, it lists the seven factors. It actually lists six because it omitted the fourth factor apparently inadvertently, but it lists whether or not the defendant has asserted his innocence as one of the factors. And then in the next paragraph of the footnote, it says under some circumstances, how protestations of innocence do not meet the test, but the test is referring to the entire test for withdrawing a plea under the rule. The seven factor test is the entire test. So I read Hickok as saying a defendant can assert a subjective belief, but that doesn't mean we're necessarily going to make you, allow you to withdraw your plea. But in my view that Carr and Hickok read together means you satisfy the assertion of innocence factor by stating your innocence, declaring I didn't do this. If you at some of the other cases and the names are escaping me right now, there are some where the defendants really don't claim their innocence. They claim other things like they changed their mind after they, after a sentence PSR comes out or some other legal reason, like my lawyer should have filed a suppression motion and I would have won on that. What Mr. Miller contended here was I didn't do this. And that's what he said to his lawyers. You're drawing a distinction between factual and legal innocence. Does that matter for our analysis of the first factor? I think it does because I think the assertion of innocence as Carr states, it is all that's a defendant has to do is say I'm innocent. I didn't do this. And therefore I want to withdraw my guilty plea. Doesn't mean he's necessarily entitled to withdraw the guilty plea, but it satisfies that first element of the, the seven factor test. So turning to the second element of the, that the court relied on, you have the knowing involuntary plea. And this one is reviewed de novo by this court is not so that there isn't deference to the, to the district court on this. And I would also note that the district court was not the court that took the change of plea hearing. So this court's in as good as position to review the change of plea hearing transcript as the district court was. The issue with the knowing involuntary plea has to do with the lack of ADHD medication for Mr. Miller. It's undisputed that between 2010 and sometime in 2022 or 2023, Mr. Miller was on a medication to treat ADHD. And that that medication was stopped due to a heart condition, which ultimately led to a triple bypass. He testified at the hearing that the, without the ADHD medication, he scatterbrained his minds all over the place. He has trouble focusing. He has trouble processing. None of that came out at the change of plea hearing because the issue wasn't addressed. But what we have before us is the rule 11 colloquy and there's, and district court had that too, and described it as a very thorough exchange between your client and the court. And I would say it was thorough, but not thorough enough. And the missing point, and this is probably better stated in the, in the briefs that the ADHD medication wasn't addressed. Mr. Miller didn't bring up his ADHD, and obviously that would have been helpful to bring up. But what the magistrate court didn't do, it talked about medications he was on. It didn't ask the question that should have been asked, which is, are there medications you are supposed to be taking, but are not taking? And what does that affect? In other words, do you have an untreated condition that medication would help? And that's the situation with ADHD. That sounds like you're challenging the rule 11 colloquy itself, which is not an argument you've made in this case. No, no, no, I'm not. I'm not challenged that I'm saying that this is, this goes to the knowing and voluntary plea element as viewed by the district court. The district court didn't adequately address the ADHD medication or its effects on Mr. Mr. Miller's state of mind at the change of plea hearing. But counsel, aren't you ultimately challenging the colloquy? I mean, essentially, you seem to be asking us to add something that should be said in the colloquy. I mean, how else, how else could this be addressed? Well, and I would agree with that, but it's in the context of the knowing involuntary plea factor of the Gordon test. That's what's under review. The, and yes, to, to, to have an appropriate and full view of the defendant and his medications and his conditions, you need to ask about medications that the person was on isn't taking. I take medications for certain conditions. If I don't take them, they have their, they have consequences. And the consequence here is he was off his ADHD medication. And, and according to him, his prior counsel did inquire about it. That creates a concern that the plea was not knowing involuntary. I'd like to reserve, I'd like to actually address the substantive reasonableness very quickly. The problem with the, the court's explanation here is it is conclusory. There's no discussion of the weighing of the three, five, five, three, a factors. And there's certainly no discussion just beyond reciting those factors of how the court weighed the factors, what it considered. And most importantly, in this case, whether, whether it took into consideration the data that was provided by defense counsel showing that this sentence of 360 months would create an unwarranted sentence disparity with similarly situated defendants. The court doesn't address the data, doesn't discuss it, and makes no statement about the disparity other than saying I've considered it. Under Crosby, the explanation was insufficient and renders this sentence substantively unreasonable. Crosby noted that in that case, there was an inadequate explanation and over-reliance on a single factor. And that in certain circumstances, and this is one of those where the court doesn't give an adequate explanation. I mean, why shouldn't we read Crosby very narrowly? Because don't you think that there's something about importing Crosby's reasoning more broadly violates what Gall teaches about procedural reasonableness? But on the substantive reasonableness component, an explanation serves two purposes. One is the procedural, satisfying the procedural requirements, which we contend was plain error. But also, it gives this court an ability to say, okay, the court adequately considered the sentencing factors and the sentence is not unreasonable. I see my time has expired. Thank you. May it please the court, Thomas Duncombe for the United States. The district court did not abuse its discretion in holding that Miller had failed to meet his burden of demonstrating a fair and just reason to withdraw his guilty plea. And the district court did not abuse its discretion in imposing a guideline sentence where Mr. Miller has failed to show that that sentence was procedurally or substantively unreasonable. As to the withdrawal of guilty plea, the court did not abuse its discretion in holding that Mr. Miller had not established a credible assertion of innocence. And I want to start and sort of home in on what Judge Rossman started with, with asking about the Carr case and asking about whether that's actually inconsistent with the cases that later follow it. It's not. And there's a lot of reasons why we can tell that. But the first is, there's exactly one sentence in the Carr opinion, which is lengthy, about assertion of innocence. And my colleague just read it to you. That's all that Carr says about the assertion of innocence. So there's no determination of whether the court meant that you only have to assert innocence as opposed to proving innocence. Well, the sentence is brief, but isn't it very important? I mean, Carr just says this factor only requires the defendant assert his innocence. I mean that, which he has done in the Carr case. I mean, that seems very clear. Respectfully, no. Because the court doesn't explain whether the word, I forget whether it says just or only, whether that means as opposed to giving some facts to support it, or whether that means just or only assert innocence as opposed to proving it. And the fact that six other, the other six Gordon factors weighed against Mr. Carr in that case, help give credence to the fact that that one statement either was dicta or that simply there wasn't enough of an explanation of what this court meant by just or only in Carr. Well, rather than going into determining whether it means burden of persuasion or proof, I mean, should we read Carr to imply that the assertion has to be credible? No. And I think the reason is because the later cases are quite explicit in describing what an assertion of innocence means in this context. And there's two ways to look at that. One way is the way that Mr. Miller has chosen to look at it, which is that the two opinions are irreconcilably in conflict, or the two categories of opinions. The other way to look at it is the more reasonable way, which is to say that this court in Marcellino and Byram didn't just ignore the prior precedent of Carr, but that this court in Byram and Marcellino was explaining Carr, was refining the test. Here's what we mean by you have to assert your innocence. There was some discussion in Carr about some exculpatory evidence that the defense attorney supposedly failed to go into. So we don't know because Carr doesn't tell us what exactly the assertion of innocence entailed. And so therefore drawing pretty significant conclusions about what the test should be from that one sentence in Carr is perilous. And especially when you consider the fact that, as Judge Eyde pointed out, it's not just cases like Marcellino and Byram that came after Carr, but it's also Hickok, which was 1990, which was well before Carr, which Byram cites for that proposition that a subjective statement of belief in one's innocence is not sufficient. And what we've got here is essentially that, is a statement of, well, I didn't do this. And the cases have repeatedly emphasized that this is the defendant's burden. And if the factor is simply you just have to say the words, I'm innocent, that's not really a burden at all. Well, if the defendant subjectively believes that he is innocent and so asserts, and the district court finds him credible, hasn't that factor been satisfied? No, but also, as you pointed out, Judge Rossman, the district court did not find Mr. Miller credible. And first, I want to directly answer your question as to whether that would be sufficient. We contend no, for the same reason that I just outlined, which is that Marcellino and Byram and Hickok, those are all cases that flesh out what it means to assert innocence in the context of a Gordon factor analysis. But as you pointed out, Judge, the court made a factual finding here, which even though that first factor is an abuse of discretion, this court reviews that for abuse of discretion. Within an abuse of discretion analysis, this court still reviews factual findings for clear error only. Is there any distinction that is important to be drawn here between legal and factual innocence for this factor? No, and I was looking at my notes as my opponent was arguing to see whether we had put anything about this in our brief, and unfortunately we didn't. There is an unpublished case that I recall reviewing called Cervantes, and I don't have that citation for the court, but all it says is that it notes that this court hasn't squarely decided whether an assertion of legal innocence is sufficient or whether... Hamilton seems to speak of both, but I just wanted to see if the had any further thoughts on that. Yes, and for our purposes, this court need not decide that issue. It appears to be an open question in this circuit as to whether legal innocence is sufficient. Of course, what Mr. Miller was asserting here is what most defendants assert when they assert innocence, which is he was asserting factual innocence. But the district court understood him as asserting legal innocence. I mean, that's the quote the district court uses when described or rejecting his claim and finding him not credible, says he doesn't have a credible claim of legal innocence. So, I mean, I don't know how much that matters, but I take it from your view. It's an undecided question. It is, and I do think that there's two different factors at play here when you talk about a credible assertion of legal innocence. There's the phrase and credible assertion, our cases, this court's cases have fleshed out is a term of art. And so credible assertion isn't necessarily asking for a finding as to the defendant's credibility, but it's an assertion that has the quality or power of being believed. So you've established the existence of some affirmative defense or some legal defense as Hamilton suggested, but it's something that the court can wrap its mind around and say, oh, okay, I see that there's there's something that we can say. I understand what happened here was not just that you suffered from buyer's remorse once you got the PSR, but there's something that we all misunderstood that got us to this point. There's nothing like that in this case. And then secondarily, you have credibility in terms of witness testimony. And the court did make a factual finding here after hearing Mr. Miller's testimony at the hearing to withdraw guilty plea that Mr. Miller's testimony was not credible. And not only is that something that this court is typically loathe to second guess, but there's very good reason not to second guess it in this case, because the record supports that in a number of ways. The timing of the assertion, the brief facts that Mr. Miller asserted in support of his argument, the very specific plea colloquy. And I agree with Judge to ask negative questions such as, are there medications that you should be taking but you're not? Because the questions that were asked go into some specifics, but at the end of the day, ask, you know, are you making this plea of your own free will? And do you understand? And it gets very specific in, do you understand maximums and minimums? Do you understand, have you read the petition? Have you signed it? You know, and the court was correct in noting that Mr. Miller had said one thing at the change of plea hearing and had said something diametrically opposed in the hearing on the motion withdraw guilty plea about whether he had reviewed the petition to enter his guilty plea before that hearing. So because Mr. Miller had not met his burden on those three factors, assertion of innocence, knowing involuntary and effective assistance of counsel, district court, as in Sanchez-Leone and as in a number of cases from this court, did not abuse its discretion in denying that motion to withdraw. Counsel, the appellant didn't have an opportunity to go into this factor on the assistance of counsel, but what is the government's position on what we do with the district court's conclusion? I mean, the district court seemed to to make a affirmative finding that there was no ineffective assistance on the record it had. Should it have not done that? Did it go too far? And should it have just said, well, the record's not developed. I can't say more. And the fact that it did say more, is that a problem for you? It's not. And I'm glad you asked that because Sanchez-Leone actually provides an excellent roadmap for this court on that factor. It's on all fours with this case in a number of ways. In Sanchez-Leone, there was an argument about effective assistance of counsel in this same context. There was some evidence presented, but it wasn't focused on. The court made some findings and made findings that it hadn't been established in Mr. Sanchez-Leone's favor. This court did not find that that itself was an abuse of discretion. In other words, it's not an abuse of discretion for the district court to make findings. And the district court held that as to the three factors that the district court did consider, which were the same three factors here, the district court did not abuse its discretion. And I do want to point out there's a difference between what Galloway says and what Mr. Miller's arguing. Galloway doesn't say that a district court errs by considering effective assistance of counsel. Galloway says that this court should not, in the vast majority of cases, address ineffective assistance of counsel on direct appeal. And Hamilton is one of the exceptions to that rule, where the record was fully fleshed out on ineffective assistance of counsel. And so this court could consider that on direct appeal. But in Sanchez-Leone, it wasn't fully fleshed out. So this court simply said the defendant, the district court did not abuse its discretion in holding that the defendant had not met his burden as to these three factors. I thought in Sanchez-Leone, the panel declined to address the factor. That's right. The panel didn't make a finding about whether- One way or another, right? Is that correct? Yes. Although I want to be clear that the panel did not hold that Mr. Sanchez-Leone's counsel was effective or ineffective, but the panel or this court in Sanchez-Leone did hold that Mr. Sanchez-Leone had failed to meet his burden as to that factor. And that's, by the way, all the district court held here. District court said in its ruling that the court cannot conclude that the previous counsel was deficient. So based on the record, which again, it's Mr. Miller's burden to put forth evidence on these issues, the district court did not err and did not abuse its discretion in finding that. As to sentencing, I just want to briefly touch on that because my colleague touched on it. This court presumes that a sentence within the guidelines is reasonable. The 360-month sentence here was not only a within-guideline sentence, it was actually the only guideline sentence because of the statutory maximum and the intersection of that with the guidelines, which called for 360 to life. On the procedural reasonableness challenge though, what are we to do with the... We have pretty clear recent precedent saying that courts really need to grapple with this JSON data, especially under A6. District court didn't seem to do that here. Isn't that plain error? I mean, it might not be reversible plain error, but isn't that plain error? No. And one of the reasons is because the Candelaria case, which says essentially when this court says it has considered a 3553A factor, this court generally takes the district court at its word. And Candelaria, like Sanchez-Leon, is on all fours with this case because not only was that a 3553A factor, the factor was unwarranted disparities with other defendants. It was the exact same factor. Here, it's notable that although the district court doesn't have to explicitly address every 3553A factor, the district court did specifically say that it had considered sentencing disparities. And it's not as though it was just in a laundry list of all the 3553A factors in a row. The district court said in a standalone sentence, I have considered the guidelines, but I have also considered sentencing disparities from other defendants. And then separately, the court laid out all the specific facts that it had taken into account, including the defendant's relative lack of criminal history, the number of images, the fact that there was sexual contact, the fact that it was a extremely young victim. And so there simply is no basis to find that there was any abuse of discretion in sentencing. If there are no more questions, the government would ask the court to affirm. Thank you. All right. This case stands submitted. Thank you for your arguments today. They were very helpful. And we excuse counsel.